UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| NATHANIEL T. TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 3:04-cv-63 |
| | ) | (CR. 3:03-cr-06) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Nathaniel T. Taylor brings this *pro se* motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255, alleging, as grounds for relief, that his sentence was unconstitutionally enhanced in violation of the holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and that he had ineffective assistance of counsel. [Doc. 2]. The United States has responded to the motion, arguing that relief is not warranted with respect to the claims alleged and that the motion should be dismissed. [Doc. 4]. The petitioner has filed a reply to the government's response. [Doc. 5]. The Court agrees with the United States' position and, for the following reasons, will **DENY** the motion.

## I. STANDARD OF REVIEW

This Court must vacate and set aside a petitioner's conviction if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). To warrant relief on the basis of a non-constitutional error, the petitioner must establish a fundamental defect which inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. *See United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). Technical violations of the federal sentencing guidelines will not warrant relief. *See Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

Under Rule 8 of the Rules Governing Section 2255 Proceedings in the United States District Courts, a court is to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If the motion to vacate, the answer, and the records of the case show conclusively a petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F2d 85, 92 (6th Cir. 1986). The Court finds no need for an evidentiary hearing in this case.

## B. FACTUAL BACKGROUND

On January 22, 2003, a federal grand jury returned a three-count indictment charging the petitioner with several drug-related offenses. [Doc. 4 in Criminal Action No. 3:03-cr-06]. Count One charged him with conspiring to distribute 50 grams or more of a mixture containing a detectable amount of cocaine base, a violation of 21 U.S.C. § 846, § 841(a)(1) and § 841(b)(1)(A). Counts Two and Three charged him with distributing cocaine base on January 17, 2003 and January 21, 2003, in violation of 21 U.S.C. § 841(a)(1); § 841(b)(1)(B); and 18 U.S.C. § 2.

Subsequently, the petitioner entered into a plea agreement, and a stipulation of facts was prepared and filed along with the plea agreement. [Docs. 28 and 29 in Criminal Action No. 3:03-cr-06]. In the factual stipulation, the petitioner admitted that, from about January 17, 2003 to about January 21, 2003, he conspired with his co-defendant to distribute cocaine base, also known as "crack" or "crack cocaine," to a confidential informant. He acknowledged that on those specific dates (i.e., January 17 and January 21, 2003), he had sold respectively 28.3 grams and 27 grams of cocaine base to the informant. He stipulated that the informant has asked his co-defendant to obtain crack cocaine; that the co-defendant, in turn, had asked him to procure that drug for delivery; and that he had received $1100 from the proceeds of the first transaction and $1250 from the second one. Further, he agreed that the substance he had sold on those dates was cocaine base and that it had a combined weight of 55.3 grams.

3

Thereafter, the petitioner pled guilty to Count One and was sentenced to a 135-month term of imprisonment.[1] He did not appeal. Instead, this timely petition followed, containing two main grounds for relief.

## C. **DISCUSSION**

1. *Apprendi* Issue

The petitioner claims, as his first ground for relief, that his sentence was increased based on facts not alleged in the indictment or proved to a jury beyond a reasonable doubt, which, he insists, violates the holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). It is his theory that his conviction is unconstitutional under the *Apprendi* rule because the type and quantity of drugs involved in his offense were not charged in the indictment nor decided beyond a reasonable doubt by a jury.

In *Apprendi*, the Supreme Court struck down a New Jersey statute involving hate-crimes which permitted a defendant's sentence to be enhanced above the maximum in the range, so long as the judge found by a preponderance of the evidence that the offense was racially-motivated. The Court then held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490.

---

[1] Pursuant to the plea agreement, Counts Two and Three were dismissed at sentencing, upon the United States' motion, and, later, the petitioner's sentence was reduced to 110 months, based on a Rule 35 motion filed by the government. [Docs. 42 and 56 in Criminal Action No. 3:03-cr-06].

4

The United States argues that the petitioner has waived any *Apprendi* claim by failing to raise the issue at trial; that he cannot show cause and prejudice to excuse his failure to assert the alleged *Apprendi* error earlier; and that federal review is now barred by his procedural default. The government further suggests that, aside from any procedural default, there was no *Apprendi* violation in the first place.

The United States is correct in making both arguments. First of all, the 2000 decision in *Apprendi* preceded the petitioner's 2003 conviction. Generally, *Appendi*-based claims raised on collateral review but not offered at sentencing or on appeal are procedurally defaulted. *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000) (requiring a petitioner who had failed to raise an issue at sentencing or on appeal to show cause and prejudice for his double default). To overcome his procedural default, the petitioner must show cause and prejudice ensuing from the alleged error or that he is actually innocent of the offense. *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir.2001). The petitioner offers nothing by way of cause and prejudice and, thereby, has forfeited review of his claim.

Moreover, even if his claim were not procedural defaulted, the *Apprendi* rule is not triggered under the facts of this case. As the government points out in its brief, the petitioner is not entitled to relief because the 135-month sentence he received was less than the statutory maximum sentence of life to which he was subject pursuant to his conviction, for the quantity of crack cocaine involved in his offense. 21 U.S.C. § 841(b)(1)(A). Put simply, there was no *Apprendi* error. *United States v. Murillo-Iniguez*, 318 F.3d 709, 713(6th

5

Cir. 2003) ("So long as the penalty does not exceed the maximum statutory penalty allowed for the offense, then *Apprendi* is not implicated.").

    2. <u>Ineffective Assistance of Counsel</u>

The petitioner's second ground for relief is that, for several reasons, he received ineffective assistance of counsel during his plea and sentencing proceedings.

A petitioner who alleges a claim of ineffective assistance of counsel must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Where a petitioner challenges a guilty plea, he must establish: 1) that the advice he received from counsel in entering the plea was not within the range of competence demanded of attorneys in criminal cases and 2) that he was actually prejudiced in his defense because there is a reasonable probability that, without counsel's alleged errors, he would not have pled guilty, but would have insisted on standing trial. *Hill v. Lockhart*, 474 U.S. 52, 56, 59 (1985).

In judging an attorney's conduct, a court should view counsel's performance with great deference, engaging in a strong presumption that counsel rendered adequate assistance and "made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 689-90. A finding of serious attorney incompetence will not justify setting aside a conviction, however, absent prejudice to the defendant so as to render the conviction unreliable. *Id.*, at 691-92. Counsel is constitutionally ineffective only if a performance which fell below professional standards caused the defendant to lose what

6

he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

During his guilty plea and sentencing proceedings, the petitioner was represented by Bryan E. Delius, his appointed attorney. The petitioner points to several instances, which according to him, illustrate that Mr. Delius gave him ineffective assistance.

a) *Apprendi error*: As the first example of his counsel's ineffectiveness, the petitioner charges that Mr. Delius failed to raise the *Apprendi* violation as an issue. The petitioner claims that the proceeding would have been different had the prosecution been forced to prove that the cocaine involved in the conspiracy was cocaine base (crack). The Court infers that the petitioner is claiming that his sentence violates *Apprendi* because the type of cocaine served to increase his sentence and because there was no proof that the substance was crack cocaine and not powder cocaine.[2]

It is significant that there is no allegation in the petitioner's motion, much less any evidence, that the drug involved in the conspiracy was, in fact, powder cocaine. Indeed, an analysis performed by the T. B. I. laboratory revealed that the substance <u>was</u> cocaine base. [Doc. 4, Ex. 1, 2, Official Forensic Chemistry Reports, dated March 5, 2003]. Moreover, the petitioner conceded in the factual agreement that the substance involved in the conspiracy was crack cocaine. Therefore, because the substance was admitted to be crack cocaine by

---

[2] An offense involving a given quantity of crack is punished more harshly than one involving the same amount of powder cocaine. *See* 21 U.S.C. § 841(b)(1)(B) (imposes a 5-year minimum sentence for crack transactions of 5 grams or more and a similar mandatory minimum for powdered cocaine in amounts of 500 grams or more).

7

the petitioner and identified as crack cocaine by laboratory analysis, Mr. Delius' failure to argue otherwise did not constitute ineffective assistance. *See Greer v. Mitchell*, 264 F.3d 663, 676 (2001) (no prejudice ensues from an attorney's failure to advance a meritless claim); *Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir.1986) ("An attorney is not required to present a baseless defense or to create one that does not exist."). *See also United States v. Lawson*, 947 F.2d 849, 853 (7th Cir. 1991) (failure to make arguments that "are clearly destined to be unsuccessful" does not amount to ineffective assistance of counsel).

b) *Belated Discussion of Presentence Report*: As the next example of his counsel's ineffectiveness, the petitioner charges that, by failing to show him a copy of his PSR in a timely manner after its receipt, Mr. Delius deprived him of the opportunity to correct erroneous information contained therein. *See* Fed. R. Crim. P. 32(f)(1) (requiring objections to be filed within 14 days after receipt of the PSR); *see also* LR 83.9(c).

The sentencing transcript shows otherwise:

**The Court**: Did [the petitioner] read [the Presentence Report]?

**Mr. Delius**: I can't say whether he did or not. He was released—

**The Court**: He agree to it?

**Mr. Delius**: —he was released – at the time that that report was prepared and presented he had been released from detention at the Blount County Jail. I have gone over with Mr. Taylor the documents that have been filed by the government to date, your Honor, line by line, item by item.

8

> **The Court**: You need to go over the Presentence Report with him. Don't ever come in here without doing that. He has to approve it. That record goes with him from now on. It is important.

[Doc. 50 in Criminal Action No. 3:03-cr-06, Sent. Hr'g Tr. at 4].

At this point, after directing the petitioner to read the PSR and to check its accuracy, the Court called a recess. When the sentencing hearing resumed, Mr. Delius announced to the Court that the PSR was accurate. The following colloquy then occurred:

> **The Court**: Mr. Taylor, come on up to the podium again, please sir. Have you and your lawyer reviewed the Presentence Investigative Report in this case?
>
> **Mr. Taylor**: Yes.
>
> **The Court**: Do you believe it is accurate?
>
> **Mr. Taylor:** Yes, sir.
>
> **The Court**: All right. Nevertheless, do you want to make any, give me any further information regarding any possible factual inaccuracy in that report?
>
> **Mr. Taylor**: No.
>
> **The Court**: You got anything you want to add to it in anyway, you think ought to be added to it.
>
> **Mr. Taylor**: No.
>
> **The Court**: Okay, all right....

[Doc. 50 in Criminal Action No. 3:03-cr-06, Sent. Hr'g Tr. at 5-6].

Thus, as the record makes clear, the petitioner was permitted to read the PSR; to discuss it with his attorney; to make objections; and to point out any factual inaccuracies

9

in the report. Nothing more is required. *See United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988).

Nonetheless, the petitioner complains that he was "rushed" when he looked over his PSR, contending (impliedly) that counsel's purported tardiness in conferring with him about the report caused him to overlook errors contained in the report. According to the petitioner, this somehow violates Rule 32's provision governing the time for filing of objections. *See* Fed. R. Civ. P. 32(b)(6)(B) (receipt of the PSR triggers a 14-day deadline for conveying objections to the report).

Under Rule 32, one of the things a court must do before imposing a sentence is to "verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." Fed. R. Crim. P. 32(i)(1)(A), previously 32(c)(3)(A). As noted, Rule 32 sets a 14-day deadline for filing objections to the PSR, but it only requires (by implication) that a defendant read and discuss his PSR with his counsel *sometime* before the court pronounces sentence.

In this case, the petitioner read and discussed the PSR with his attorney during the recess, prior to the pronouncement of sentence. Additionally, eight days after the PSR was disclosed, Mr. Delius filed a timely notice of no objections [Doc. 34 in Criminal Action No. 3:03-cr-06] and, as the sentencing transcript makes clear, the petitioner himself declined the opportunity to point out any factual inaccuracies in his PSR. Counsel cannot be ineffective for a Rule 32 violation which did not occur.

10

c) *Sentencing errors*: As the final illustration of his counsel's shortcomings, the petitioner points to certain information in the PSR which he alleges was incorrect but was not challenged by Mr. Delius. For example, the petitioner asserts that the PSR stated that the substance involved in the conspiracy was crack cocaine and that, since there was no laboratory report supporting this conclusion, his attorney should have objected.

For reasons discussed in the previous section, there were no grounds upon which to object to the identification of the controlled substance as crack cocaine and, therefore, any objection would have been frivolous. *See Krist*, *supra*, 804 F.2d at 946-47 (counsel is not required to raise frivolous claims to avoid a latter charge of ineffective assistance).

Another alleged error was that the PSR states that the combined weight of the crack cocaine involved in the offense was 52.5 grams, whereas both he and the government agreed, in the stipulation of facts, that the aggregate weight of the crack cocaine was 55.3 grams. Though the record does reflect a variance between in the quantity of drugs stated in the PSR and the amount of drugs acknowledged by the petitioner in his factual agreement, this discrepancy had no impact on his sentence.[3] This is so because he was held responsible for 52.5 grams of cocaine base—the lower amount of drugs—and because his sentence was calculated, under U.S.S.G. § 2D1.1, based on a drug amount of "at least 50 grams but less than 150 grams of cocaine base"—a weight which encompasses both 52.5 grams and 53.3

---

[3] The amount of crack cocaine stated in the PSR was taken from the T.B.I. laboratory report (i.e., 52.5 grams).

11

grams of crack. Therefore, even if counsel's failure to challenge the difference in drug quantity amounts to a deficiency of performance, it did not cause the petitioner to lose what he "otherwise would probably have won" and, thus, did not result in prejudice.

Also error, according to the petitioner, was that the order of judgment reflects that his criminal history score fell under category III, but, in fact, it was one category lower. Any misstatement of the petitioner's criminal history category in the judgment order had no effect on the punishment imposed. This is so because the guidelines range which was used in determining the petitioner's sentence was calculated correctly. (The petitioner's offense level increased from 29 to 32, after he was disallowed a 3-point reduction for acceptance of responsibility. An offense level of 32 and Criminal History Category of II results in a guidelines range of 135-168 months imprisonment.)

Another error, so the petitioner contends, is that he was held responsible for a crack transaction which the T.B.I. laboratory report attributes solely to his co-defendant. The problem with this contention is that the petitioner acknowledged, in the stipulation of facts, that the amount of drugs involved in the conspiracy included those connected with the challenged transaction and that he himself participated in that transaction. Therefore, since the petitioner was convicted and sentenced on the basis of his own admitted activities, and not solely for the conduct of his co-defendant, counsel's failure to raise such a frivolous issue could not have resulted in prejudice. *See Krist*, *supra*, 804 F.2d at 946-47.

12

Finally, the petitioner's motion to modify and reduce sentence under 18 U.S.C. § 3582, which was mistakenly filed in this civil case rather than in the criminal case, has been denied [Doc. 58 in Criminal Action No. 3:03-cr-06] and is now moot.

## IV. **CONCLUSION**

For reasons expressed in this opinion, the Court concludes that the petitioner has procedurally defaulted the *Apprendi* claim and has not established that his attorney provided him with constitutionally ineffective assistance. Thus, the petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 will be **DENIED**.

The Court must now determine whether to issue a certificate of appealability (COA). Under 28 U.S.C. § 2253(c), a COA must issue only where a petitioner has made a "substantial showing of the denial of a constitutional right." When a claim has been dismissed on the merits, a petitioner qualifies for a COA by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). When a claim has been resolved on a non-merits basis, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added).

The *Apprendi* claim was rejected on a procedural basis (waiver) and, alternatively, as lacking any merit. Because no reasonable jurist could disagree that the

13

petitioner's failure to *Apprendi*-based issues at sentencing or on direct review amounts to a procedural default for which no cause and prejudice has been shown and because no reasonable jurist could debate the alternative merits ruling that there was no *Apprendi* error, the Court will deny a COA with respect to this claim.

As to the claim of ineffective assistance of counsel, which was rejected on the merits, a COA will not issue either. Reasonable jurists could not disagree with the resolution of this claim and could not conclude that it is "adequate to deserve encouragement proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). This is so because an attorney is not required to raise groundless issues and because an attorney error (which has not been found) that does not result in prejudice warrants no relief.

A separate order will enter.


**ENTER**:

*s/ James H. Jarvis*
SENIOR U. S. DISTRICT JUDGE